JACOB YARYAN, APPELLANT, V. LAURA YARYAN, APPELLEE.

FILED JULY 12, 1907. No. 14,915.

Divorce: ALIMONY. Where the evidence in the record is not sufficient to fully inform this court of the value of the husband's property, and the trial court in granting a divorce to the wife awarded alimony grossly in excess of what should be allowed, considering the value placed upon the property of the husband by its special findings, the case will be remanded for the purpose of taking further evidence, and for a further finding relating to the amount of property owned by the husband, and whether he has an equity in property alleged to have been conveyed by him to defraud the wife of her marital rights in such property.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. Reversed in part.

Clarke & Easeley and M. F. Harrington, for appellant.

Allen G. Fisher and A. M. Morrissey, contra.

DUFFIE, C.

The plaintiff, Jacob Yaryan, brought this action against Laura Yaryan, praying that he might be divorced. The defendant's answer contains a cross-petition, in which she asks a divorce from the plaintiff. A decree of divorce was awarded the defendant upon her cross-petition, and she was given the custody of their two minor children. The decree also awards her $2,000 permanent alimony, $25 a month to be paid monthly in advance for the support of her children, and $200 was directed to be paid into court as counsel fees for the defendant's attorneys.

There appears in the record a finding of facts relating

to the property owned by the defendant.    From these find-
ings it appears that the plaintiff is the owner of 360 acres
of unincumbered land in Cherry county of the value of
$1,040; that he owns 480 acres of land worth no more than
the incumbrance upon it; that he owns a school lease of
the value of $200, and personal property of the value of
$250, and that this includes all his property.    The cer-
tificate of the clerk attached to the transcript does not
cover the special findings by name, but it does recite that
the transcript contains the journal entry, and as the spe-
cial findings are properly a part of the journal entry,
we think they must be considered as authenticated by
the clerk's certificate.    The plaintiff's appeal is based
wholly upon the award of alimony given by the court.
Viewed from the standpoint of the special findings relat-
ing to his property, the alimony is not only excessive, but
extravagantly so, and we have examined the evidence con-
tained in the bill of exceptions to ascertain whether it
supports these findings.    The plaintiff was for some years
engaged in the ranch business in partnership with his
father, who deceased in the year 1900.    At the time of his
death the partnership was the owner of something over
300 head of cattle and quite a tract of land, most of it
incumbered.    The partnership owed debts to the amount
of $2,800.    The plaintiff testified that the father's share
of the partnership property was acquired by money
received by his wife from her mother's estate.    It is
claimed that the children, including the plaintiff, recog-
nized their mother's rights in the property held by her
husband and conveyed to her the land in which the hus-
band was interested, and there is a deed from plaintiff
to his mother under date of June 15, 1900, conveying 960
acres of land, the consideration recited therein being $1.
It is also shown that the plaintiff purchased from his
mother and the other heirs of his father their interest in
the partnership cattle, and it is asserted by the plaintiff
that his mother borrowed $3,000, which was loaned to him
and used, so far as it went, to pay the other heirs for

the cattle purchased. While it is claimed by the defendant that the conveyance of 960 acres of land made by Jacob Yaryan to his mother was without consideration and for the purpose of defeating alimony, the court has made no finding upon that issue, and as the record is almost entirely barren of any evidence relating to the value of the land so conveyed and of other lands conveyed by the plaintiff to other parties at a later date, and subsequent to his marriage, we are unable to arrive at any satisfactory conclusion relating to these conveyances. The amount of alimony awarded by the court is almost conclusive that he regarded the plaintiff as the equitable owner of some, if not all, of these lands, which he has conveyed, and indicates that the special findings relate only to the property standing in his name. In this condition of the record, justice to the parties and to ourselves requires that we should remand the case, so far as it deals with the alimony awarded the defendant, for a further investigation by the district court.

We recommend that the decree be affirmed so far as it awards the defendant a divorce and custody of her children, and that it be remanded to the district court, with directions to take evidence and determine whether any or all of the conveyances made by the plaintiff were *bona fide* in their character, or made with the intent on his part to defraud the defendant of her marital rights in his property.

By the Court: For the reasons stated in the foregoing opinion, the decree is affirmed so far as it awards defendant a divorce and custody of children, reversed as to alimony, and remanded to the district court for a new trial.

JUDGMENT ACCORDINGLY.